

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 3, 2016**

**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NUMBER: 15-30841 |
| VIVECA CYNE WILSON | § | |
| DEBTOR | § | |
| | § | |
| | § | |
| CITIFINANCIAL SERVICING LLC, ITS | § | CHAPTER 13 |
| SUCCESSORS IN INTEREST AND/OR | § | |
| ASSIGNS, MOVANT | § | |
| VS. | § | |
| VIVECA CYNE WILSON | § | |
| DEBTOR, RESPONDENTS | § | |

## AGREED ORDER CONDITIONING AUTOMATIC STAY
### (DOCKET ENTRY # 35)

CAME ON before the Court for consideration the Motion For Relief from Stay Against

Property as to 1505 Osage Trail, Mesquite, TX 75149 and Waiver of Thirty Day Hearing

Requirement ("Motion") filed by CitiFinancial Servicing LLC, its successors in interest and/or

assigns ("Movant"). The Court finding based on the representations of counsel for Movant, that

the Chapter 13 Trustee has expressed no opposition to the Motion and further finding as

evidenced by the signatures on this Order by counsel for Movant and counsel for Viveca Cyne

Wilson, ("Debtor") that Movant and Debtor have reached an agreement to condition the automatic stay of 11 U.S.C. §362 as to certain real property as described below which secures a debt owed to Movant by Debtor, it is accordingly:

ORDERED that the continuation of the automatic stay of 11 U.S.C. §362 ("Stay") is conditioned as to the Property located at 1505 Osage Trail, Mesquite, TX 75149, which is legally described as:

LOT TWELVE (12), IN BLOCK ONE (1) OF THE REPLAT OF INDIAN TRAILS, AN ADDITION TO THE CITY OF MESQUITE, TEXAS, ACCORDING TO THE MAP RECORDED IN VOLUME 86140, PAGE 3370, OF THE MAP RECORDS OF DALLAS COUNTY, TEXAS.

It is further ORDERED that the conditions under which the Stay shall remain in effect are as follows:

1. Regular Payments. Pursuant to the terms of the Disclosure Statement, Note and Security Agreement ("Note"), dated September 16, 2004, held by Movant and secured by a Deed of Trust encumbering the Property, Debtor shall disburse directly to Movant, promptly when due, each monthly installment that falls due under the terms of the Note, beginning the fifteenth day of May 2016. These installments are currently $970.62 per month. The regular payment shall be remitted in such a manner that it is received by Movant on or before the 15th day of the month (the contractual due date) for the month in which it is due. Failure to do so shall constitute a default pursuant to the terms of this Order. Should any regular payment arrive after the expiration of the grace period provided in the Note, Movant reserves the right to assess late charges by the Note. In the event that the monthly payment amount required under the terms of the Note should change in the future, Movant shall notify Debtor of the change, as required by applicable bankruptcy and non-bankruptcy law. Debtor should send all payments to the following address:

CitiFinancial Servicing, LLC
PO BOX 70918
Charlotte, NC 28272-0918
ATTN: BANKRUPTCY DEPARTMENT

2.    Debtor shall cure the post-petition mortgage arrearage now owed to Movant in the amount of $13,319.06 which is described as follows:

| | |
|---|---|
| April 2015 through April 2016 @ $970.62 | $12,618.06 |
| Attorney's Fees | $525.00 |
| Filing Fees | $176.00 |
| **TOTAL** | $13,319.06 |

3.    The total arrearage of $13,319.06 ("Total Arrearage") shall be cured by the amendment or modification of Debtor's existing Chapter 13 Plan to include the Total Arrearage as a secured claim owed to Movant.

4.    Debtor shall file a Chapter 13 Plan amendment or modification to provide for the Total Arrearage to be paid over the remaining months of the Debtor Chapter 13 Plan as a secured claim, within thirty (30) days of the filing of this Agreed Order, Movant's Total Arrearage is hereby allowed, in full, as a secured claim.

5.    If the amended or modified Chapter 13 Plan is not filed by the thirtieth (30th) day following the filing of this Agreed Order, the Stay is terminated as to the Property without further notice or action by this Court.  Should the Debtor fail to obtain an Order confirming or modifying the revised Chapter 13 Plan within ninety (90) days from the date this Order is entered, the Stay is terminated as to the Property without further notice or action by this Court. If the amended or modified Chapter 13 Plan is timely and approved by the Court before the expiration of the ninety (90) days from the entry of this Order, the Stay shall remain in effect unless Debtor fail to remain current with the Chapter 13 Trustee. If the Debtor fall behind on the

payments to the Chapter 13 Trustee, such delinquency shall constitute an event of default under the terms of this Order.

6. Further, Debtor shall be allowed forty-five (45) days to provide proof of any additional post-petition payments not previously credited to the account with Movant and if the same is provided then these additional payments shall be reduced accordingly.

It is further ORDERED that Debtor shall keep the Property insured against all loss by fire, windstorm, vandalism or other hazard in at least an amount sufficient to pay Movant the total amount of its claim, and that proof of such insurance shall at all times be furnished to Movant, without demand or other requirement.

It is further ORDERED that should Debtor fail to perform as required by this Order, Movant shall notify Debtor and Debtor's counsel by mailing written notice ("Notice") of the default via regular mail to the addresses reflected for Debtor and Debtor's counsel on the court's docket at the time of the Notice. If the default is not cured within ten (10) days of the date appearing on the Notice, the Stay shall be terminated with respect to the Property, without further notice to Debtor or further action by this Court. If the initial default is cured within ten (10) days of the date appearing on the Notice, the Stay shall remain in effect. If the initial event of default is cured and a second event of default occurs, Movant shall notify Debtor and Debtor's counsel by mailing a second Notice via regular mail to the addresses reflected for Debtor and Debtor's counsel on the court's docket at the time of the second Notice. If the second default is not cured within ten (10) days of the date appearing on the Notice, the Stay shall be terminated with respect to the Property, without further notice to Debtor or further action by this Court. If the second default is cured within ten (10) days of the date appearing on the Notice, the Stay shall remain in effect. If the second default is cured and a third event of default occurs, the Stay

shall be terminated with respect to the Property, without further notice to Debtor or further action by this Court.

It is further ORDERED that if Debtor provides Movant with evidence of post-petition payments (via canceled checks, tracers on money orders, etc.) not previously credited or applied, Movant shall credit such payments toward the Total Arrearage set forth in this Order and reduce any remaining monthly cure payments pro rata, if applicable.

It is further ORDERED that in the event the Stay is terminated under the provisions of this Order, Movant its successors in interest and assigns, is authorized to any rights it may have to enforce its security interest in the Property pursuant to applicable non-bankruptcy law. By agreement, the fourteen day provision of Rule 4001(a)(3) is waived and Movant, its successors in interest and assigns, may immediately enforce and implement this Order upon termination of the Stay.

It is further ORDERED that in the event the Stay is terminated under the provisions of this Order, at its option, Movant may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement including a deed in lieu as allowed by state law. Movant may contact the Debtor via telephone or written correspondence to offer such an agreement.

It is further ORDERED that upon termination of the stay, all communications including but, not limited to, notices required by state law, sent by Movant in connection with proceeding against the property may be sent directly to the Debtor.

It is further ORDERED that upon termination of the stay Movant shall not be required to file any subsequent Notices of Mortgage Payment Change or Notices of Fees, Expenses, or Charges.

It is further ORDERED that in the event this instant bankruptcy case is converted to a case under another chapter of the Bankruptcy Code, the Stay is terminated as to the Property without further action by this Court.

It is further ORDERED that in the event this instant bankruptcy case is dismissed, the terms of this Order shall be null and void as of the date of dismissal.

It is further ORDERED that in the event that an Order of Discharge is entered in the extant bankruptcy case the terms of this Order will no longer be binding on Movant as of the date the Order of Discharge is entered.

###END OF ORDER###

Respectfully Submitted by and agreed to by:

Grant M. Tabor / TBN 24027905
Email gtabor@logs.com
Shapiro Schwartz, LLP
13105 Northwest Freeway, Suite 1200
Houston, TX 77040
Telephone: (713)462-2565
Facsimile: (847)879-4856
Attorneys for CitiFinancial Servicing, LLC
File Number: 16-024059

Dwain Downing
State Bar Number: 0608 6550
Attorney Name: _____
State Bar Number: _____
1144-B W. Pioneer Parkway
Arlington, TX 76013
Telephone: (817)860-5685
Facsimile: (817)460-2236
Email: downingoffice@aol.com
Attorney for Debtor